UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.B. LABORATORIES, INC., a Michigan
Corporation,

        Plaintiff/Counter-Defendant,

v.

ZEE MEDICAL, INC., a California
Corporation,

        Defendant/Counter-Plaintiff.
                                        /

File No.  1:03-CV-630

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Plaintiff/Counter-Defendant J.B. Laboratories, Inc.'s ("JB Labs") motion for summary judgment on Count VI of its complaint and on Counts II and III of Defendant/Counter-Plaintiff Zee Medical Inc.'s ("Zee Medical") counterclaim.

In Count VI JB Labs seeks a declaratory judgment that Zee Medical is legally obligated to indemnify JB Labs against all claims, losses and expenses arising from personal injury claims against JB Labs premised upon the ingestion of Dilotab containing phenylpropanolamine ("PPA").  Counts II and III of Zee Medical's counterclaim seek declaratory judgments that JB Labs has a common law duty to indemnify Zee Medical, and that Zee Medical has no duty to indemnify JB Labs with respect to the same personal injury claims.

In a prior opinion dated March 24, 2005 (the "Opinion"), this Court held that JB Labs had no contractual duty to indemnify Zee Medical for the personal injury claims. (Docket # 81). This motion addresses the issue of common law indemnification.

Zee Medical's objections to JB Labs' motion for summary judgment on the common law indemnification issues are primarily procedural in nature. Zee Medical's first contention is that JB Labs' motion should be denied as premature because neither JB Labs nor Zee Medical has been found liable in any of the underlying products liability lawsuits.[1] In support of this contention Zee Medical relies on cases which have held that "there is no equitable right to common-law indemnification unless the alleged indemnitee is 'held liable' for another's wrongful acts." *North Community Healthcare, Inc. v. Telford*, 219 Mich. App. 225, 229, 556 N.W.2d 180, 182 (1996). This holding in *North Community Healthcare* is not germane to the issues in this Court because it was not addressing a party's right to a declaratory judgment before there was a resolution of the underlying litigation. The court merely held that because the underlying case was resolved without a finding of liability, there could be no common law indemnification.

The other case on which Zee Medical relies, *Hartman v. Century Truss Co.*, 132 Mich. App. 661, 665, 347 N.W.2d 777, 778 (1984), actually contradicts Zee Medical's

---

[1]Zee Medical represents in its response brief that although JB Labs was named as a defendant or third-party defendant in seven lawsuits, four of the seven lawsuits against JB Labs have been dismissed. The three remaining lawsuits against JB Labs are in New York, California and Missouri. (Zee Medical Resp. Br. at 3-4).

assertion that declaratory relief is not appropriate unless there has been a finding of liability. In *Hartman* the trial court entered a directed verdict for indemnification before the jury had reached a verdict. *Id.* at 663. On appeal the court held that "any right to indemnification which Erb may have had on the basis of the court's directed verdict, granted before the jury's verdict was taken, vanished when the jury subsequently returned its verdict of no cause of action as to Century." *Id.* at 664. In other words, *Hartman* stands for the proposition that a declaratory judgment regarding indemnification may be entered before liability is found, but the right to indemnification is contingent on a later finding of liability. The Court concludes that a declaratory judgment is not precluded merely because liability has not yet been found.

Zee Medical also contends that the Court should decline to enter a declaratory judgment because the prerequisites for a declaratory judgment have not been met and because the declaratory judgment factors weigh in favor of declining jurisdiction.

The Declaratory Judgment Act permits this Court, in a case of actual controversy within its jurisdiction, to declare the rights of any interested party seeking such declaration. 28 U.S.C. § 2201. For there to be an actual or substantial controversy it is not essential that the threatened injury be absolutely "immediate" and "real." "The potential for injury need only be 'sufficient[ly] immedia[te] and real [ ].'" *Kelley v. E.I. DuPont de Nemours and Co.*, 17 F.3d 836, 845 (6th Cir. 1994).

Declaratory relief may be granted even where liability is contingent upon the occurrence of some future event.

3

> It is clear that in some instances a declaratory judgment is proper even though there are future contingencies that will determine whether a controversy ever actually becomes real. The familiar type of suit in which a liability insurer seeks a declaration that it will not be liable to indemnify an insured person for any damages the injured person may recover against the insured is an example. The injured person may not sue or the injured person may not obtain a judgment against the insured, but there is held to be sufficient controversy between the insurer and the injured person that a declaratory judgment is permissible.

Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, 10B *Federal Practice and Procedure* § 2757 ( 3d ed.).

In determining whether declaratory relief is appropriate in a particular case the Court considers the following factors:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 813 (6th Cir. 2004) (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)).

Zee Medical contends that in order to render a declaratory judgment on the common law indemnification issue the Court would have to find that Zee Medical was "actively" negligent, and this finding might conflict with the findings in the personal injury suits.

Contrary to Zee Medical's contentions, and as more fully addressed below, this Court does not need to make any findings on Zee Medical's negligence in order to resolve the

indemnification issue, and the Court will not make any such findings. Accordingly, a declaratory judgment on the issue of indemnity will not conflict with the liability findings in the personal injury suits.

Zee Medical contends that any decision regarding what substantive law applies to JB Lab's common-law indemnification claim is premature because the courts in the three remaining personal injury lawsuits may determine that another state's laws apply to the indemnification claims.

Because jurisdiction in this Court is based upon diversity of citizenship, this Court must apply the choice-of-law provisions of the forum state. (Compl. ¶ 4; Countercl. ¶ 3); *NILAC Int'l Mktg. Group v. Ameritech Servs., Inc.*, 362 F.3d 354, 358 (6th Cir. 2004) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Under Michigan choice of law principles, the law of the forum applies unless there is a "rational reason" to displace it. *Olmstead v. Anderson*, 428 Mich. 1, 24, 400 N.W.2d 292 (1987). Zee Medical has not suggested what rational reason there might be to displace Michigan law on the indemnification issue, but simply suggests that the issue should be deferred and decided by the courts in the individual lawsuits. Because Zee Medical has not suggested a rational reason for displacing Michigan law on the issue of indemnification, the Court has no reason to believe that the resolution of the indemnification issue in this Court would increase friction between or encroach on the jurisdiction of other courts. Moreover, allowing the common law indemnification issue to be decided separately in the three personal injury suits could

5

potentially lead to inconsistent results and would hamper these parties' ability to enter into a global settlement. By contrast, issuing a declaratory judgment on the issue of common law indemnity in this Court would serve a useful purpose in clarifying the legal relations at issue, avoiding potential inconsistent indemnification determinations in the three personal injury suits, and aiding settlement. Finally, because there is no suggestion that declaratory relief is being sought for any improper purpose, it appears that a declaratory judgment on the issue of common law indemnification would be appropriate in this case.

The Court turns to consideration of the substance of JB Labs' motion for declaratory relief. Common law indemnification is "an equitable doctrine that shifts the entire burden of judgment from one tortfeasor who has been compelled to pay it, to another whose active negligence is the primary cause of the harm." *St. Luke's Hosp. v. Giertz*, 458 Mich. 448, 453, 581 N.W.2d 665, 668 (1998). "[T]he right to common-law indemnification is based on the equitable theory that where the wrongful act of one party results in another party's being held liable, the latter party is entitled to restitution for any losses." *Lakeside Oakland Dev., L.C. v. H & J Beef Co.*, 249 Mich. App. 517, 531, 644 N.W.2d 765, 772 (2002) (citing *North Cmty. Healthcare, Inc. v. Telford*, 219 Mich. App. 225, 227, 556 N.W.2d 180 (1996)). The right to common law indemnity "can be enforced only where liability arises vicariously or by operation of law from the wrongful act of the party from whom indemnity is sought." *Latimer v. William Mueller & Son, Inc.*, 149 Mich. App. 620, 638, 386 N.W.2d 618, 626 (1986) (citing *Home Ins. Co. v. Jones & Lamson*, 144 Mich. App. 91, 97, 373 N.W.2d 249

(1985)).  "In other words, common law indemnification is only available to a party who can plead and prove freedom from active fault."  *Id.*

> A party seeking common-law indemnity must show freedom from personal fault, that is freedom from active or causal negligence; it must show that the active negligence is attributable solely to another whereas its own liability arises by operation of law, thus making it only passively negligent.

*Hartman*, 132 Mich. App. at 663-64 (citations omitted).

The findings this Court made in its March 24, 2005, opinion largely compel the Court's determination on this motion as well.  This Court has already found that all of the underlying personal injury lawsuits are based upon allegations that Dilotab was defective because it included PPA and/or because it failed to include appropriate warnings.  None of the suits claim manufacturing defects other than the inclusion of PPA.  (Opinion at 15-16).  Zee Medical specified the active ingredients for Dilotab, including PPA, and Zee Medical contractually required JB Labs to manufacture Dilotab to Zee Medical's specifications. (Opinion at 16).  Zee Medical packaged the tablets for distribution and determined what instructions and warnings were placed on the packages.  (Opinion at 3).  There is no evidence that JB Labs failed to manufacture Dilotab to Zee Medical's specifications.  Accordingly, JB Labs was not responsible for the alleged defect(s) on which the underlying personal injury lawsuits are based.  (Opinion at 26).

In its response to JB Labs' motion Zee Medical does not contest the application of these findings to the present motion.  Instead, Zee Medical contends that a declaration of common-law indemnification would amount to an improper addition of terms to the parties'

7

written agreement. Zee Medical points out that Zee Medical and JB Labs are sophisticated corporations, (Opinion at 13), and that JB Labs had the opportunity to bargain for an indemnification provision in the written agreement, but failed to do so.

Michigan courts recognize three possible sources of a right to indemnification: an express contract, an implied contract, and the common law. *Transportation Dep't v. Christensen*, 229 Mich. App 417, 425, 581 N.W.2d 807 (1998). Common law indemnification is based upon equitable principals rather than on contract law. *St. Luke's Hosp.*, 458 Mich. at 453. *See also Lakeside Oakland Development*, 249 Mich. App. at 531 ("the right to common-law indemnification is based on the equitable theory that where the wrongful act of one party results in another party's being held liable, the latter party is entitled to restitution for any losses."). Zee Medical has not cited the Court to any cases that have prohibited common law indemnification where there is a written contract between the parties that lacks an indemnification provision. Because common law indemnification arises from a source that is independent from the contract, the failure of the contract to provide for indemnification does not preclude a party from obtaining common law indemnification.

Zee Medical also objects to a declaration regarding common law indemnification because JB Labs has its own insurance and JB Labs has not shown that its insurance policy has not covered its costs and fees in the underlying personal injury lawsuits. Zee Medical contends that JB Labs is not entitled to a double recovery from Zee Medical and from its insurers.

Whether or not JB Labs has insurance coverage is not relevant to JB Labs' right to indemnification from Zee Medical. It is premature to consider what amount JB Labs might recover under common law indemnification. There has not yet been a finding of liability in the underlying personal injury suits, and there has been no evidence submitted regarding either JB Labs' damages or its insurance coverage. The issue of double recovery is simply irrelevant to the current motion.

The Court concludes that based upon the findings made in the previous opinion, JB Labs was free from active or causal negligence and the active negligence, if any, is attributable solely to Zee Medical. Accordingly, JB Labs is entitled to judgment on Count VI of its complaint, on Counts II and III of Zee Medical's counterclaim, and to a declaration that if JB Labs is held liable in the underlying personal injury actions, JB Labs is entitled to common law indemnification from Zee Medical. In reaching this conclusion the Court emphasizes that it has not previously made, and does not currently make any findings regarding Zee Medical's active negligence or lack thereof.

An order and partial judgment consistent with this opinion will be entered.


Date:   February 16, 2006              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE